HON. BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OLIVIA SELTO ET AL., PLAINTIFF, vs. CLARK COUNTY et al. DEFENDANTS. | No. 3:22−cv−05384−BJR <br><br> PLAINTIFF'S REPLY TO RESPONSE TO PLAINTIFF'S MOTION TO EXTEND |

## I. REPLY

Plaintiff's motion for extension of the deadline on initial disclosures should be granted as Defendants have conceded that the delay was harmless and because all initial disclosures by Plaintiffs have been provided to Defendants. Defendants' request for exclusion of evidence relevant to Defendants' pattern and practice of approving excessive force and shootings by Defendants should be denied as there was no harm and the request is unrelated to the delay. Finally, Defendants failed to comply with their obligations to produce initial disclosures under FRCP 26(a)(1)(ii), which further undercuts any basis for the Defendants' objection and request for sanctions.

PLNTFS REPLY
No. 3:22−cv−05384−BJR

1

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

**A. Harmless Delay.**

Sanction under Rule 37(c)(1) is not appropriate where "the failure was ... harmless." Caselaw cited in defendant's response confirm this legal principle, and defendants have stipulated that the delay is harmless. ECF 25, at 2; see also ECF 26, ¶ 2 (defendants "concede that the late disclosure is harmless.")

Consistent with the court's prior ruling (ECF 22), Plaintiff completed and served amended initial disclosures on December 22, 2022. Decl. Lee in Support of Motion, ¶ 1. Plaintiff's motion to extend should be granted.

**B. No Basis for the Requested Sanction.**

Defendants have cited no authority suggesting that a harmless delay warrants or authorizes the imposition of any sanction, let alone the suppression of evidence relevant to Defendants' pattern and practice of excessive force and the ratification of excessive force.

Instead of agreeing to an extension (considering the delay was harmless), defense counsel sought "an exchange" in which Defendants would not object in exchange for the suppression of evidence that, in addition to Defendants killing Kevin Peterson, Defendant Deputy Feller also killed an off-duty police officer.

> A Clark County Sheriff's Office deputy fired his rifle within seconds of arriving at the home of an off-duty Vancouver police officer whom the deputy mistakenly shot and killed, a newly public investigation shows.
>
> Video footage shows that within four seconds, Deputy Jonathan Feller parked his SUV, opened his door, then turned and opened fire at

PLNTFS REPLY
No. 3:22−cv−05384−BJR

2

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

Vancouver Officer Donald Sahota. Feller fired four shots from a rifle and struck Sahota three times.[1]

Defendants have presented no argument as to why it would be appropriate to suppress this evidence as a sanction for a delay they admit was harmless. It appears that Deputy Feller was not disciplined for either killing, which is relevant to the pattern and practice of the Clark County Sheriff's Office. This type of information is certainly within the scope of discovery as it relates to liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), as well as Deputy Feller's own liability.

It is worth noting also that it has recently been discovered that the Clark County Sheriff himself, who not only sets formal policy but establishes the institutional culture relevant to pattern and practice has had serious misconduct issues of his own including at least one bias issue:

> "The issues ranged from failing to turn a weapon into property, **a suspension for destroying diversity posters at CCSO precincts**, a demotion from sergeant to deputy and a history of as many as 12 domestic violence calls during his relationship with his first wife."[2]

> "After his demotion, Horch was suspended for 94 hours after he was found to have taken down posters promoting diversity hanging at two of the agency's precincts. Once an investigation was opened into the incident, Horch admitted he was responsible for it and said he did it out of anger over his demotion, the file shows."[3]

---

[1] https://www.opb.org/article/2022/04/01/clark-county-deputy-jonathan-feller-shooting-vancouver-officer-donald-sahota-julio-segura/ (last viewed on December 26, 2022).
[2] https://www.clarkcountytoday.com/news/clark-county-today-learns-of-as-many-as-60-boxes-of-internal-affairs-documents-provided-to-prosecuting-attorneys-office-in-2013-2014/ (last viewed on December 26, 2022) (emphasis added).
[3] https://www.columbian.com/news/2022/nov/01/horch-admits-early-job-issues-at-clark-county-sheriffs-office/ (last viewed on December 26, 2022).

There is no basis for the Defendants' objection to the motion to extend time and the defense is simply attempting to shoe horn a separate and incomplete discovery motion into its response. Such a motion is not properly brought before the court by way of response to the motion to extend time.[4] The Defense request for sanctions should be denied as the delay was harmless and the requested sanction is not related to the delay.

**C. Defendants Failed to Provide Initial Disclosures on Time.**

Under FRCP 26(a)(1)(ii), Defendants had an obligation to provide Plaintiffs all documents it "may use to support its claims," but all Defendants provided to Plaintiffs by the deadline was an eight-page pleading and three insurance policies. Decl. Lee, ¶¶ 2-10; Ex. A.

Instead of objecting to the motion, Defendants should have simply advised the court that the Defendants had not complied with FRCP 26(a) by the deadline and were also in need of an extension.

Defendants only recently provided comprehensive initial disclosures via email on December 19, 2022, well past the deadline. *Id.,* ¶ 8. However, the recent Defense initial disclosures were provided without any bates stamping, and do not appear to contain the Clark County Sheriff's Office internal investigation findings for the killing of Kevin Peterson, and are therefore still not complete. *Id.*, ¶ 11.

---

[4] The Defense *de facto* discovery motion violates this courts STANDING ORDER FOR ALL CIVIL CASES (ECF 3 at III), which states "If the parties are unable to reach an agreement on a discovery issue after conferring, they shall arrange a telephone hearing with the Court regarding the issue. Both of these steps must be completed before any opposed discovery motions are filed. Noncompliant motions may be summarily denied or stricken."

## II.    CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests the motion to extend be granted and the Defendants' request for sanctions be denied.

DATED this Monday, December 26, 22.

*S// D. Angus Lee*
D. Angus Lee, WSBA# 36473
Attorneys for Plaintiff
Angus Lee Law Firm, PLLC
9105A NE HWY 99 Suite 200
Vancouver, WA 98665
Phone: 360.635.6464 Fax: 888.509.8268
E-mail: Angus@AngusLeeLaw.com

PLNTFS REPLY
No. 3:22−cv−05384−BJR

5

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268