The Honorable Barbara J. Rothstein

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
TACOMA

8

9
OLIVIA SELTO, individually, as guardian
of minor child K.P. and as Personal
Representative of the Estate of KEVIN
PETERSON JR, deceased, TAMMI BELL,
individually and as Personal Representative
of the Estate, and KEVIN PETERSON SR,
individually,

No. 3:22-cv-5384 BJR

DEFENDANT'S RESPONSE IN
OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL

10

11

12

13
Plaintiffs,

14
v.

15
COUNTY OF CLARK, a political
subdivision of the State of Washington;
SHERIFF CHUCK ATKINS; Sheriff's
Detective ROBERT ANDERSON; Sheriff's
Deputy JONATHAN FELLER; and JOHN
and JANE DOES 1-10, in their official and
personal capacities,

16

17

18

19
Defendants.

20

21
        Plaintiffs' Motion to Compel should be denied.   Plaintiffs seek this Court and

22
Defendant's counsel to ignore well-settled precedent that use of force analyses are not

23
subject to hindsight.   Defense counsel did not object to Plaintiffs' counsel asking of these

24
irrelevant questions, and seeks this Court deny Plaintiffs' motion to compel Officer

25
Anderson's testimony as Plaintiffs' motion seeks to uncover facts that are irrelevant and not

26
reasonably calculated to lead to the discovery of admissible evidence.

27

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL - 1
3:22-cv-5384 BJR

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

### I.    FACTS

Plaintiffs bring suit pursuant to 42 U.S.C. §1983 alleging excessive force. *Dkt. 1 at 8.* Defendant Robert Anderson was a member of the Clark County Sheriff's Office during the timeline of the Complaint and was involved in the shooting of Kevin Peterson, Jr., at issue in this case. *Id.* Plaintiffs' counsel claims Officer. Anderson "refused to answer questions in his deposition." *Dkt. 30 at 3.* Plaintiffs' counsel forgets to include that the repeated questions Mr. Anderson declined to answer were irrelevant and improper:

> Q.      [...] You were in
> the military and in the military after an operation, you
> often conduct what's called an after action; right?
> A.      Yes.
> Q.      And so after an operation, you sit back and you
> talk about what went well, what didn't go well, what
> needs to be improved on going forward, that sort of
> thing; right?
> A.      Correct.
> Q.      Did you ever do an after action for yourself on
> the buy-bust operation and shooting of Kevin Peterson?
> A.      You mean just to myself?
> Q.      Yeah.
> A.      Yeah, I did.
> Q.      All right. And what do you think you could
> have done better in this buy-bust operation?
> A.      Well, I'm --
> MR. COOLEY: Object to form.
> THE WITNESS: I'm not going to speculate on

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL - 2
3:22-cv-5384 BJR

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

that.

BY MR. LEE:

Q.     Well, when you did the after action to
yourself, what did you determine you had done or that
you could have done better?

MR. COOLEY: Same objection.

THE WITNESS: I -- yeah, like I said, I did
it with myself and I'm not going to talk about what
conclusions I came to.

BY MR. LEE:

Q.     Why not?

A.     Because, number one, I can't change anything,
and, number two, I reacted with what I had at the
moment.

Q.     So you did an after action to yourself
regarding this incident and you came to some conclusions
about what you could have done better but you're not
willing to share them today; is that right?

A.     I didn't say just what I could have done
better, just both, what went wrong and what went right.

Q.     Okay. What went right?

MR. COOLEY: Same objection. And now asked
and answered.

BY MR. LEE:

Q.     As part of your after action that you did with
yourself, what did you conclude went right?

A.     I'm not going to talk about what I came to my
own conclusions of.

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL - 3
3:22-cv-5384 BJR

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Q.     Why not?

A.     Because that's my own personal thought process.

Q.     What did you conclude in your after action

went wrong in the buy-bust and shooting of Kevin Peterson?

MR. COOLEY:

Same objection. Asked and answered.

BY MR. LEE:

Q.     What's your answer?

A.      I said it's the same answer.

Q.     During the after action you did with yourself,

did you conclude that some things did go wrong?

A.     I'm not going to answer any more questions

about this. I gave you my answer.

Q.     So I don't think I've heard an objection from

your lawyer as to the question of what you concluded

went wrong in your after action, so I'd like an answer

to that.

MR. COOLEY: So, Robert, like your drug

information, you know, Mr. Lee understands that Graham

vs. Connor specifically says that you may not examine

police use of force with the benefit of hindsight bias.

This is not relevant, but I cannot object to a question

for relevancy purposes.

MR. LEE: Then why are you doing this long

tirade? Why are you coaching the witness?

MR. COOLEY: Because I'm just advising him

that if he doesn't want to answer those questions, I

will defend him in front of Judge Rothstein.

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL - 4
3:22-cv-5384 BJR

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

MR. LEE: Are you just interfering with the

questioning?

MR. COOLEY: No. You're asking something

that's completely improper but I can't direct him not to

answer, but if he -- if he persists in his position,

which I believe is absolutely correct, then I will

defend him in front of Judge Rothstein in taking that

position.

MR. LEE: Well, he concluded -- he did an

after action and he concluded that something went wrong

and it's within the scope of discovery to find out what

his after action concluded went wrong in this operation

and killing of Kevin Peterson.

MR. COOLEY: That's your argument --

MR. LEE: So I'd like an answer.

MR. COOLEY: -- and you should take it to

Judge Rothstein and we can have her rule on it.

*Declaration of Andrew G. Cooley, Ex. 1.*

## II.        ARGUMENT IN OPPOSITION TO MOTION TO COMPEL

A person may instruct a deponent not to answer only when necessary to preserve a

privilege, to enforce a limitation ordered by the court, or to present a motion under Federal

Rule of Civil Procedure 30(d)(3).  Questions should be answered if they appear to be

reasonably calculated to lead to the discovery of admissible evidence.  *Lowe's of*

*Roanoke, Inc. v. Jefferson Standard Life Ins. Co.,* 219 F.Supp. 181 (S.D.N.Y.1963).

Further, where a request to depose someone was not reasonably calculated to lead to

discovery of admissible evidence, the Court would not order any further discovery

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL - 5
3:22-cv-5384 BJR

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

could take place. *Calderon v. Experian Information Solutions, Inc.*, 287 F.R.D. 629 (D.Idaho 2012), affirmed 290 F.R.D. 508 (D.Idaho 2012).

Plaintiffs ask this Court, Defendants' attorneys, and a career-police officer to ignore decades-old precedent and order a witness speak to reasonableness of use of force using hindsight. *Graham v. Connor* makes clear: "[t]he "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. 490 U.S. 386, 396, 109 S. Ct. 1865, 1872, 104 L. Ed. 2d 443, 57 USLW 4513, 1989 WL 48800 (1989) (citing *Terry v. Ohio*, 392 U.S., at 20–22, 88 S.Ct., at 1879–1881). Washington abides by this precedent. *See Dunn v. Hyra*, 676 F. Supp. 2d 1172, 1189, 2009 WL 3674996 (W.D. Wash. 2009); *Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1201, 2008 WL 927560 (W.D. Wash. 2008); *Goldsmith v. Snohomish Cnty.*, 558 F. Supp. 2d 1140, 1151, 2008 WL 444560 (W.D. Wash. 2008); *Hicks v. Johnson*, 222CV00421RSMBAT, 2023 WL 1869198, at *5 (W.D. Wash. Jan. 25, 2023), report and recommendation adopted, 2:22-CV-00421-RSM, 2023 WL 1864888 (W.D. Wash. Feb. 9, 2023); *O'Doan v. Sanford,* 991 F.3d 1027, 1036, 21 Cal. Daily Op. Serv. 2651, 2021 Daily Journal D.A.R. 2443, 2021 WL 1048573 (9th Cir. 2021); *Jackson v. City of Bremerton*, 268 F.3d 646, 651, 01 Cal. Daily Op. Serv. 8669, 01 Cal. Daily Op. Serv. 8943, 2001 Daily Journal D.A.R. 10753, 2001 WL 1173792 (9th Cir. 2001).

To compel Officer Anderson's testimony regarding what he thought after the fact would be a waste of this Court's time and resources because it would immediately be excluded per the many rulings cited above. Any testimony given to Mr. Anderson's conclusions after the shooting are irrelevant, speculative, and not reasonably calculated to lead to admissible evidence.

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL - 6
3:22-cv-5384 BJR

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

1

2

DATED:  May 9, 2023

3
                      KEATING, BUCKLIN & McCORMACK, INC., P.S.

4

5
                By: */s/ Andrew Cooley*

6
                Andrew Cooley, WSBA #15189
                Attorneys for Defendants

7
                801 Second Avenue, Suite 1210

8
                Seattle, WA  98104
                Phone: (206) 623-8861

9
                Fax:    (206) 223-9423
                Email: acooley@kbmlawyers.com

10

11
I certify that this memorandum contains 1,230 words, in compliance with the Local Civil Rules.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL - 7
3:22-cv-5384 BJR

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

### CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiffs**
D. Angus Lee, WSBA #36473
ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy. 99, Ste. 200
Vancouver, WA 98665
Telephone: 360.635.6464
Email:  angus@anguslеelaw.com

**Attorneys for Plaintiffs**
Mark Lindquist, WSBA #25076
MARK LINDQUIST LAW, PLLC
505 S. Sheridan Ave.
Tacoma, WA 98405
T: 253-861-8611
Email:  mark@marklindquistlaw.com

DATED:  May 9, 2023

_s/ Andrew Cooley_
Andrew Cooley, WSBA #15189
801 Second Avenue, Suite 1210
Seattle, WA  98104
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: acooley@kbmlawyers.com

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423