The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLIVIA SELTO et al, <br> Plaintiffs, <br><br> v. <br><br> COUNTY OF CLARK et al, <br> Defendants. | NO. 22-cv-5384 <br><br> **ORDER DENYING MOTION TO COMPEL** |

This matter comes before the Court on Plaintiffs' Motion to Compel Testimony of Defendant Robert Anderson, a former Clark County detective who, Plaintiffs claim, used excessive force in the shooting death of Kevin Peterson, Jr. In deposition, Anderson refused to testify to his conclusions as to "what went wrong" and "what went right" during the incident, which conclusions he drew in an "after action" he characterized as his "own personal thought process." Pls.' Mot. to Comp. at 3-4 (quoting Dep. of R. Anderson, Decl. of A. Lee, Ex. 1). Plaintiffs seek an order compelling Anderson to testify as to what those conclusions were.

Defendants correctly observe that "the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Reasonableness, therefore, "must be

ORDER DENYING MOTION TO COMPEL

- 1

judged from the perspective of [an] officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396.

In light of this settled law, Plaintiffs have failed to demonstrate that what Anderson *now* thinks about the events underlying their claims is relevant to the objective circumstances known to him at the time of the shooting. Much of the authority on which Plaintiffs rely regarding the purported breadth of relevance in discovery predates the 2015 amendment to Federal Rule 26(b)(1), which now defines the scope of discovery as limited to that which is "relevant to any party's claim or defense and proportional to the needs of the case." It is clear that the amendment was designed to encourage courts to "take on a stewardship role, . . . and [] actively engage in early case management to 'identify the critical issues, [and] determine the appropriate breadth of discovery.'" *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 604 (D. Nev. 2016) (quoting John Roberts, 2015 Year End Report on the Federal Judiciary (Dec. 31, 2015), available at http://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf). Having failed to demonstrate that Anderson's personal opinion about what went wrong and what went right is relevant to what was objectively reasonable at the time, Plaintiffs are not entitled under Federal Rule 26 to discovery of that material. The Motion to Compel is DENIED.

DATED this 31st day of May, 2023.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING MOTION TO COMPEL

- 2