The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OLIVIA SELTO, *et al.*, <br><br>                    Plaintiffs, <br><br> v. <br><br> COUNTY OF CLARK, *et al.*, <br><br>                    Defendants. | No. 3:22-cv-5384-BJR <br><br> DEFENDANTS' UNOPPOSED MOTION TO STAY TRIAL COURT PROCEEDINGS <br><br> **NOTE ON MOTION CALENDAR: MONDAY, OCTOBER 2, 2023** |

### I.     RELIEF REQUESTED

Defendants respectfully request a stay of all pre-trial deadlines and the October 30, 2023, trial of this action, pending a decision by the Ninth Circuit Court of Appeals on Defendants' interlocutory appeal from the Court's September 28, 2023, denial of summary judgment regarding qualified immunity. *See* ECR No. 65 (Order Denying Plaintiffs' and Defendants' Motions for Summary Judgment), No. 67 (Defendants' Notice of Appeal), and 68 (Defendants' Representation Statement). The June 6, 2022, Standing Order for All Civil Cases controls the filing of opposed motions and LCR 7(d) provides, in relevant part, that "[s]tipulated, joint or unopposed motions…shall be noted for consideration for the day they are filed." Counsel conferred regarding stay of the trial court proceedings pending resolution

DEFENDANT'S UNOPPOSED MOTION TO STAY TRIAL COURT PROCEEDINGS- 1
3:22-cv-5384 BJR
1135-00005/Motion to Stay Trial

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

of Defendants' interlocutory appeal and Plaintiffs' counsel stated: "[p]lease note in your motion that the parties have conferred and plaintiffs acknowledge the issue of judicial economy, object to a stay, but do not intend to file a separate memorandum."

## II.     FACTS

On September 28, 2023, this Court denied Defendants' June 1, 2023, motion for summary judgment requesting an order granting qualified immunity to Defendants Anderson and Feller. ECF No. 65. On September 29, 2023, Defendants Anderson and Feller filed a Notice of Appeal and a Representation Statement. ECF Nos. 67 and 68.

## III.     ISSUE PRESENTED

Whether the Court should stay all pending pre-trial deadlines and the October 30, 2023, trial pending the appellate court's resolution of Defendants' interlocutory appeal.

## IV.     EVIDENCE RELIED UPON

Defendants rely upon the court record and the argument and authorities below.

## V.     ARGUMENT

Officials performing discretionary functions generally are shielded from liability for civil damages, insofar as their conduct does not violate clearly established rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1992). Qualified Immunity shields a defendant from damages and removes the burden of trial in mounting a defense to liability. *Johnson v. Fankell*, 520 U.S. 911, 915 (1997). Importantly, qualified immunity is immunity from suit, rather than a mere defense. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Like absolute immunity, it is effectively lost if the case is erroneously permitted to go to a jury. *Id*. Thus, a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an immediately appealable "final decision" within the meaning of 28 U.S.C. § 1291. *Mitchell*, 472 U.S. at 527; *Ames v. King*

DEFENDANT'S UNOPPOSED MOTION TO STAY
TRIAL COURT PROCEEDINGS- 2
3:22-cv-5384 BJR

1135-00005/Motion to Stay Trial

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

*County*, 846 F.3d 340, 347 (9th Cir. 2017); *Rodarte v. Skagit County*, No. 2:20-cv-885-BJR, 2021 WL 6197004 (W.D. Washington 12/30/2021) (citing *Mitchell*, 472 U.S. at 530 (1985)).

Under Ninth Circuit law, the Court is "automatically divested of jurisdiction to proceed with trial pending appeal" when a Section 1983 defendant appeals the denial of qualified immunity, unless the trial court certifies in writing that the defendant's claim of qualified immunity is frivolous or has been waived. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). "A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). "In this circuit, where, as here, the interlocutory claim is immediately appealable, its filing divests the district court of jurisdiction to proceed with trial. *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir.1984), *cert. denied*, 469 U.S. 829, 105 S.Ct. 113, 83 L.Ed.2d 56 (1984)."

Though "[a] district court isn't divested of jurisdiction 'to address aspects of the case that are not the subject of the appeal'" (*Leibel v. City of Buckeye*, 382 F. Supp. 3d 909, 913 n.1 (D. Ariz. 2019)) because "[t]he court retains jurisdiction over the rest of the claims, a stay pending appeal may nevertheless be warranted." *Johnson v. City of Mesa*, No. CV-19-02827-PHX-JAT, 2022 WL 137619 (D. Arizona January 14, 2022). Judicial discretion in exercising a stay is guided by the *Landis* factors:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer*, 398 F.3d at 1110 (citing *Landis*, 299 U.S. at 268. Here, considerations of fairness and judicial economy warrant a stay of all pretrial deadlines and the October 30 trial.

DEFENDANT'S UNOPPOSED MOTION TO STAY
TRIAL COURT PROCEEDINGS- 3
3:22-cv-5384 BJR

1135-00005/Motion to Stay Trial

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

A stay will not prejudice Plaintiffs, who only claim monetary damages, seek no injunctive or declaratory relief, and who do not oppose this motion. *See* ECF No. 1. Plaintiffs' interests will be wholly unaffected by a stay in the trial proceedings and trial. In contrast, Defendants will suffer significant hardship and inequity in being forced to prepare for and conduct a trial where the court of appeals may determine there has been no constitutional violation. Qualified immunity offers complete protection for a government official sued in his individual capacity. *Wood v. Kesler*, 323 F3rd 872 (11th Cir. 2003).

Individual defendants are generally immune if they could objectively believe that their conduct was lawful. *Lambert v. Richard*, 59 F.3d 134, 137 (C.A.9 (Cal.) 1995) (citing *Act Up!/Portland v. Bagley*, 988 F.2d 868, 871 (9th Cir. 1992)). The relevant question is whether a reasonable officer could have believed that the actions taken were lawful in light of clearly established law and the information the acting officer possessed at the time. *Anderson v. Creighton*, 483 U.S. 635, 641 (1987); *Fuller v. MG. Jewelry*, 950 F.2d 1437, 1443 (9th Cir. 1991). The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 343 (1986)). *Monell* liability cannot exist absent an underlying violation of the plaintiff's constitutional rights related to an official policy or custom in question. *Benas v. Baca*, 159 F. App'x 762, 768 (9th Cir. 2005); *see also Acedo v. Cnty. of San Diego*, No. 17-cv-2592, 2018 WL 3425976 at *10 (S.D. Cal. July 16, 2018); *Andrade v. City of Burlingame*, 847 F. Supp. 760, 767 (N.D. Cal. 1994). The resolution of Defendants' interlocutory appeal is a necessary prerequisite to maintaining any constitutional claim. *Id.*

The orderly course of justice, measured in terms of simplifying issues, proof, and questions of law which could be expected to result from a stay strongly support a stay. A stay

DEFENDANT'S UNOPPOSED MOTION TO STAY
TRIAL COURT PROCEEDINGS- 4
3:22-cv-5384 BJR
1135-00005/Motion to Stay Trial

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

will result in the preservation of significant judicial resources and the elimination of potentially conflicting legal findings, which are paramount considerations.

## VI.    CONCLUSION

Defendants respectfully requested that the Court exercise its discretion and stay the trial proceedings and deadlines, including the October 30, 2023, trial, until Defendants' claim of qualified immunity is resolved by the Ninth Circuit Court of Appeals.

I certify that this memorandum contains 1184 words, in compliance with the Local Civil Rules.

DATED:  October 2, 2023.

KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: /s/ Paul J. Triesch
Paul J. Triesch, WSBA #17445
Andrew G. Cooley, WSBA #15189
Attorneys for Defendants
801 Second Avenue, Suite 1210
Seattle, WA  98104
Phone: (206) 623-8861
Email: ptriesch@kbmlawyers.com
acooley@kbmlawyers.com

DEFENDANT'S UNOPPOSED MOTION TO STAY TRIAL COURT PROCEEDINGS- 5
3:22-cv-5384 BJR
1135-00005/Motion to Stay Trial

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiffs**

Mark Lindquist, WSBA #25076
MARK LINDQUIST LAW, PLLC
505 S. Sheridan Ave.
Tacoma, WA 98405
T: 253-861-8611
Email:  mark@marklindquistlaw.com

**Attorneys for Plaintiffs**

D. Angus Lee, WSBA #36473
ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy. 99, Ste. 200
Vancouver, WA 98665
Telephone: 360.635.6464
Email:  angus@angusleelaw.com

DATED:  October 2, 2023.

/s/ Paul J. Triesch
Paul J. Triesch, WSBA #17445
Attorney for Defendants
801 Second Avenue, Suite 1210
Seattle, WA  98104
Phone: (206) 623-8861
Email: ptriesch@kbmlawyers.com

DEFENDANT'S UNOPPOSED MOTION TO STAY TRIAL COURT PROCEEDINGS- 6
3:22-cv-5384 BJR
1135-00005/Motion to Stay Trial

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423